**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **PEGASYSTEMS INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: _____ |
| ) | |
| **IDL SOLUTIONS, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

1. By this Complaint Plaintiff Pegasystems Inc. ("Pegasystems") seeks damages and other relief against Defendant IDL Solutions, Inc. ("Defendant" or "IDL") for breach of contract, breach of the implied covenant of good faith and fair dealing and unfair and deceptive trade practices. In 2007 IDL and Pegasystems entered into an agreement whereby Pegasystems agreed to license and maintain its software to IDL in exchange for a fee. Subsequently, Pegasystems and IDL entered into several work orders for professional consulting services pursuant to that agreement. Despite accepting and enjoying the value of such consulting services, IDL has failed to pay Pegasystems the amount contractually owed on several of those work orders. IDL now owes Pegasystems $138,750 plus accrued interest of at least $35,950 (which interest continues to accrue per the terms of the agreement). Pegasystems seeks full payment of these past due amounts, as well as collection costs and attorneys' fees.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Pegasystems Inc. is a corporation organized under the laws of the Commonwealth of Massachusetts and having a principal place of business at 101 Main Street, Cambridge, Massachusetts 02141.

3. Defendant IDL Solutions, Inc. is a Wisconsin corporation with a principal place of business at 1595 Spring Hill Road, Suite 308, Vienna, Virginia 22182.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as Pegasystems and IDL are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

5. IDL is subject to personal jurisdiction within the Commonwealth of Massachusetts because, among other reasons, it submitted to the governing law of Massachusetts in the contract at issue in this case; it transacted business within Massachusetts by, among other things, entering into a contract with a Massachusetts corporation, receiving invoices from Pegasystems sent from Massachusetts, and submitting payments to Pegasystems in Massachusetts; and it has derived substantial benefit and revenue from its contacts in Massachusetts.

6. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

*About Pegasystems Inc.*

7. Pegasystems is a global developer and provider of Business Process Management software and related professional services. Companies in the financial services, insurance, healthcare, government, life sciences, communications and manufacturing industries utilize Pegasystems' products and services to help streamline their operations and work flow.

*The Master Agreement*

8.  On June 30, 2007, Pegasystems and IDL entered into a Master Software License Maintenance & Professional Services Agreement whereby IDL agreed to pay Pegasystems a one-time software license fee of $55,950 and an annual maintenance fee of $10,071 (the "Master Agreement," a true and accurate copy of which is attached as *Exhibit A*). The Master Agreement was signed on behalf of IDL by Tony Ambegaoker, its Chief Technology Officer.

9.  The Master Agreement provides that all payments are due within thirty (30) days of the date of Pegasystems' invoices and "subject to a late charge of the lesser of 1.5% per month or the greatest amount permitted by law if unpaid for thirty (30) days or more from the invoice date." Exh. A at ¶ 6.

10. The parties agreed that the Master Agreement would be governed by Massachusetts law. Exh. A at ¶ 17(k).

11. The Master Agreement further provided that "[t]hrough a Work Order, Pegasystems may provide services including consulting, installation support, and access to training courses." Exh. A at ¶ 4. Pursuant to this clause, the parties entered into a series of Work Orders.

*Work Order No. 1*

12. In Work Order No. 1, dated November 26, 2007, Pegasystems agreed to provide, on a time and materials basis, professional consulting services "under the direction of IDL Solution management" ("Work Order No. 1," a true and accurate copy of which is attached as *Exhibit B*). Work Order No. 1 was signed on behalf of IDL by Tony Ambegaoker, its Chief Technology Officer.

13. Work Order No. 1 is expressly subject to the terms and conditions of the Master Agreement, and required payment within thirty (30) days of the date of Pegasystems' invoice. Exh. B at Preamble and ¶ 3.

14. In or about January of 2008 Pegasystems invoiced IDL for the expenses and $20,000 in fees for the services provided under Work Order No. 1.

*Work Order No. 2*

15. In Work Order No. 2, dated December 17, 2007, Pegasystems agreed to provide, on a time and materials basis, professional consulting services "under the direction of IDL Solution management" ("Work Order No. 2," a true and accurate copy of which is attached as *Exhibit C*). Work Order No. 2 was signed on behalf of IDL by Tony Ambegaoker, its Chief Technology Officer.

16. Work Order No. 2 is expressly subject to the terms and conditions of the Master Agreement, and required payment within thirty (30) days of the date of Pegasystems' invoice. Exh. C at Preamble and ¶ 3.

17. In or about January of 2008 Pegasystems invoiced IDL for the expenses and $64,000 in fees for the services provided under Work Order No. 2.

*Work Order No. 3*

18. In Work Order No. 3, dated January 15, 2008, Pegasystems agreed to provide, on a time and materials basis, professional consulting services "under the direction of IDL Solution management" ("Work Order No. 3," a true and accurate copy of which is attached as *Exhibit D*). Work Order No. 3 was signed on behalf of IDL by Baly Ambegaoker, its President and Chief Executive Officer.

19.     Work Order No. 3 is expressly subject to the terms and conditions of the Master Agreement, and required payment within thirty (30) days of the date of Pegasystems' invoice. Exh. D at Preamble and ¶ 3.

20.     In or about January of 2008 Pegasystems invoiced IDL for the expenses and $45,000 in fees for the services provided under Work Order No. 3.

### *Work Order No. 4*

21.     In Work Order No. 4, dated February 11, 2008, Pegasystems agreed to provide, on a time and materials basis, professional consulting services "under the direction of IDL Solution management" ("Work Order No. 4," a true and accurate copy of which is attached as ***Exhibit E***).  Work Order No. 4 was signed on behalf of IDL by Ed Silva, its Senior Vice President.

22.     Work Order No. 4 is expressly subject to the terms and conditions of the Master Agreement, and required payment within thirty (30) days of the date of Pegasystems' invoice. Exh. E at Preamble and ¶ 3.

23.     In or about January of 2008 Pegasystems invoiced IDL for the expenses and $64,000 in fees for the services provided under Work Order No. 4.

### *Work Order No. 5*

24.     In Work Order No. 5, dated March 5, 2008, Pegasystems agreed to provide, on a time and materials basis, professional consulting services "under the direction of IDL Solution management" ("Work Order No. 5," a true and accurate copy of which is attached as ***Exhibit F***). Work Order No. 5 was signed on behalf of IDL by Tony Ambegaoker, its Chief Technology Officer.

25.     Work Order No. 5 is expressly subject to the terms and conditions of the Master Agreement, and required payment within thirty (30) days of the date of Pegasystems' invoice. Exh. F at Preamble and ¶ 3.

26.     In or about January of 2008 Pegasystems invoiced IDL for the expenses and $32,800 in fees for the services provided under Work Order No. 5.

### *IDL Refuses To Pay The Amounts Due*

27.     Notwithstanding the express, agreed-upon terms of the Master Agreement and Work Orders, IDL failed to pay the fees or expenses under Work Order Nos. 1 – 5 within thirty days of the date of Pegasystems' corresponding invoices.

28.     Accordingly, on or about August 6, 2008, Pegasystems sent a letter to IDL demanding immediate payment of all outstanding invoices and all accrued interest pursuant to the terms of the Master Agreement.  (A true and accurate copy of this letter is attached as *Exhibit G*.)

29.     While IDL subsequently paid some of the invoices, many still remain fully or partially unpaid.  More specifically, IDL still owes $138,750 in fees under several Work Orders.

30.     IDL, through its President and Chief Executive Officer, repeatedly assured Pegasystems that full payment would be made.  More specifically, on at least two occasions IDL proposed a repayment plan -- thereby inducing Pegasystems to suspend further collection efforts -- only to subsequently default on such plan.

### COUNT I
### Breach of Contract

31.     Pegasystems repeats and incorporates by reference the allegations contained in Paragraphs 1 through 30 of this Complaint.

32. Pegasystems and IDL entered into an enforceable contract (and series of Work Orders thereunder) whereby IDL was obligated to pay Pegasystems for the provision of professional consulting services.

33. Pegasystems has provided such professional consulting services and performed all other obligations to IDL in connection with the Master Agreement and the Work Orders.

34. Pegasystems has satisfied all conditions precedent to the filing of this action.

35. By refusing to pay Pegasystems for services provided, IDL has breached its obligations under the Master Agreement and the Work Orders.

36. As a result of IDL's breach, Pegasystems has suffered and continues to suffer damages.

## COUNT II
### Breach of The Implied Covenant of Good Faith and Fair Dealing

37. Pegasystems repeats and incorporates by reference the allegations contained in Paragraphs 1 through 36 of this Complaint.

38. Pegasystems and IDL entered into an enforceable contract (and series of Work Orders thereunder) whereby IDL was obligated to pay Pegasystems for the provision of professional consulting services.

39. Under Massachusetts law an implied covenant of good faith and fair dealing exists in every contract.

40. Under the implied covenant, IDL is precluded from taking action that will have the effect of destroying or injuring the right of Pegasystems to receive the fruits of its contracts.

41. IDL has breached the covenant of good faith and fair dealing by accepting the services provided by Pegasystems without paying Pegasystems for such services.

42.     As a result of IDL's breach of the implied covenant, Pegasystems has suffered and continues to suffer damages.

## COUNT III
## Violation of Mass. Gen. Laws c. 93A, § 11

43.     Pegasystems repeats and incorporates by reference the allegations contained in Paragraphs 1 through 42 of this Complaint.

44.     At all times relevant to this action, both Pegasystems and IDL have been engaged in trade or commerce within the meaning of M.G.L.c. 93A, §§ 2 and 11.

45.     IDL has refused to pay the outstanding invoices for professional consulting services in an effort to enhance its bargaining power and gain an unfair advantage with respect to the unpaid invoices.  As such, IDL's conduct constitutes an unfair and deceptive practice in violation of M.G.L.c. 93A, § 11.

46.     IDL's actions toward Pegasystems occurred in the Commonwealth of Massachusetts and was undertaken willfully and knowingly, and caused proximate damage to Pegasystems.

47.     As a result of IDL's unfair and deceptive practices, Pegasystems has suffered and continues to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Pegasystems respectfully requests that this Court:

1.     Enter Judgment in its favor;

2.     Order IDL to pay to Pegasystems all outstanding invoices;

3.     Award Pegasystems treble damages in accordance with M.G.L.c. 93A;

4.     Order IDL to pay to Pegasystems interest on such outstanding invoices to the fullest extent allowed under the Master Agreement and/or Massachusetts law;

5.  Order IDL to pay Pegasystems' attorneys' fees and all other costs of collection pursuant to M.G.L.c. 93A or otherwise; and

6.  Order all other relief that the Court deems appropriate, fair and just.

Respectfully submitted,

**PEGASYSTEMS INC.**

By Its attorneys,

_/s/ Steven D. Weatherhead_____
Steven D. Weatherhead BBO# 637601
Bello Black & Welsh LLP
699 Boylston Street
10th Floor
Boston, MA 02116
(617) 247-4100

Dated:  September 15, 2009